# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION



Karissa J. Moody,

    Plaintiff,

v.

Commissioner of Social Security,

    Defendant.

Case No. 2:18-cv-540

Judge Michael H. Watson

Magistrate Judge Deavers

## OPINION AND ORDER

On August 13, 2019, Magistrate Judge Deavers issued a Report and Recommendation ("R&R") recommending that the Court overrule Karissa J. Moody's ("Plaintiff") Statement of Errors and affirm the decision of the Commissioner of Social Security ("Commissioner"). R&R, ECF No. 15. Plaintiff timely objected. Obj., ECF No. 16.

When a party objects to an R&R within the allotted time, the Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b). Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). The undersigned reviewed *de novo* the record in this case, the Magistrate Judge's R&R, and Plaintiff's objection and concludes that the decision of the Administrative Law Judge

("ALJ") applied the correct legal standard and is supported by substantial evidence. *Blakely v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009).

On objection, Plaintiff asserts that the ALJ erred by failing to classify her chronic fatigue syndrome ("CFS") as a medically determinable impairment and thus gave no consideration whatsoever to CFS's symptoms—specifically, excessive and consistent fatigue—when determining Plaintiff's residual functional capacity ("RFC"). Obj. 4, ECF No. 16. The record belies that assertion, however.

The ALJ found that Plaintiff had the following severe impairments: narcolepsy with cataplexy, depressive disorder, and anxiety disorder. R. 18. Although the ALJ did not classify CFS as a medically determinable severe or non-severe impairment, he nonetheless fully considered Plaintiff's symptoms of fatigue when assessing the limitations caused by Plaintiff's other severe impairments. R. 20–27. The ALJ explicitly acknowledged that Plaintiff's "medically determinable impairments could reasonably be expected to cause [her] alleged symptoms," R. 22, including "increased fatigue and weakness," R 21, and the need for "rest[]…during the day" with "her family pick[ing] up the slack," R. 22. His evaluation of Plaintiff's symptoms expressly took account for Plaintiff's alleged symptoms of sleepiness, drowsiness, and fatigue. *Id.* at 22–27. Therefore, "the question of whether the ALJ characterized" Plaintiff's CFS as a medically determinable "severe or not severe [impairment] is of little

consequence." *Pompa v. Comm'r of Soc. Sec.*, 73 F. App'x 801, 803 (6th Cir. 2003).

Moreover, although Plaintiff contends that the ALJ should have considered her CFS diagnosis as well, she does not demonstrate what that diagnosis would have added to the evaluation. The CFS diagnosis in Plaintiff's record is only that: a diagnosis. The diagnosis notes do not elaborate on what symptoms and limitations it actually caused Plaintiff. R. 344, 347, 377, 381, 385, 390, 395. Plaintiff thus fails to demonstrate how adding the mere CFS diagnosis to the ALJ's calculus would have changed the ALJ's evaluation of Plaintiff's subjective complaints of fatigue. *Higgs v. Bowen*, 880 F.2d 860, 863 (6th Cir. 1988) ("The mere diagnosis of arthritis, of course, says nothing about the severity of the condition."). All this means that, even if it was technically erroneous for the ALJ to fail to classify CFS as medically determinable, the error was harmless. *Rouse v. Comm'r of Soc. Sec.*, No. 2:15-cv-0223, 2017 WL 163384, at *4–5 (S.D. Ohio Jan. 17, 2017), *report and recommendation adopted*, No. 2:16-cv-0223, 2017 WL 1102684 (S.D. Ohio March 24, 2017) (overruling a plaintiff's statement of error when the plaintiff "failed to show harm or prejudice from the ALJ's conflation of non-severe impairments with non-medically-determinable impairments") (citing *Shinseki v. Sanders*, 556 U.S. 396, 409 (2009)).

Plaintiff challenges this harmless-error conclusion, arguing that if the ALJ had classified CFS as a medically determinable impairment he would have been more likely to credit Plaintiff's complaints regarding the severity of her fatigue and

the opinions of Plaintiff's treating source physician, Dr. Mooney. Obj. 4, ECF No. 16. The Court disagrees. Again, it is unclear how a mere diagnosis, unaccompanied by any physician observations or medical tests, would bolster Plaintiff's complaints of fatigue and make the ALJ more likely to credit them. Additionally, after a thorough review, the ALJ decided to give "little weight" to Dr. Mooney's treating source opinions for a whole host of reasons, including their lack of objective support, their inconsistency with the record evidence as a whole, and (in at least one instance) for opining on an issue specifically reserved to the Commissioner. R. 25–27. Plaintiff does not demonstrate how classifying her CFS as a medically determinable condition would have changed the weight the ALJ assigned to Dr. Mooney's treating source opinions. In sum, the Court's review of the record reveals that the ALJ's alleged failure to classify Plaintiff's CFS as a medically determinable impairment, if erroneous at all, was not prejudicial.

Accordingly, Plaintiff's objection is **OVERRULED**. The Court **ADOPTS** and **AFFIRMS** the R&R. The Clerk is **DIRECTED** to enter judgment for Defendant and terminate this case.

IT IS SO ORDERED.

_/s/ Michael H. Watson_
**MICHAEL H. WATSON, JUDGE
UNITED STATES DISTRICT COURT**